HOLLAND & KNIGHT LLP
Stacey H. Wang (SBN. 245195)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450
E-mail: Stacey.wang@hklaw.com

Danielle N. Garno (SBN. 208809)
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Tel: 305.374.8500
Fax: 305.789.7799
E-mail: danielle.garno@hklaw.com

R. David Donoghue (SBN. 205730)
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
Tel: 312/578.6553
E-mail: david.donoghue@hklaw.com

Ji Mao (Pro Hac Pending)
31 West 52nd Street
New York, NY 10019
Tel: (212) 513.3420
E-mail: ji.mao@hklaw.com

Attorneys for Plaintiff
Magdalena Mollmann p/k/a Maggie Stephenson

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDALENA MOLLMANN p/k/a MAGGIE STEPHENSON,<br><br>Plaintiff,<br><br>vs.<br><br>ZOETOP BUSINESS CO., LTD. d/b/a "SHEIN;" and SHEIN DISTRIBUTION CORPORATION,<br><br>Defendant. | Case No.: 2:22-CV-4128<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT;**<br><br>**(2) VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br><br>**(3) REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION [17 U.S.C. § 1202(A)]; AND**<br><br>**(4) FALSE COPYRIGHT MANAGEMENT INFORMATION [17 U.S.C. § 1202(B)]**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Magdalena Mollmann p/k/a Maggie Stephenson ("Plaintiff"), by and through her undersigned attorneys, alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA") against Zoetop Business Co., Ltd. d/b/a "SHEIN", and SHEIN Distribution Corporation (each a "Defendant," and collectively "Defendants"), collectively a multi-billion dollar Chinese fast-fashion enterprise operating in California. Defendants' notorious and well-documented business practices are predicated upon willfully violating the rights and interests of independent artists and designers who create original works entitled to protection under federal copyright law.

2. Defendants' predatory business model consists of, in part, selling stolen artwork and then, when confronted with the theft, either ignoring the victims or paying them a fraction of what they are entitled to under the law. Fully aware of the leverage Defendants have over their victims, due to the artists' lack of resources to obtain legal representation, Defendants continue to steal from artists without any remorse for their unethical and illegal conduct.

3. Plaintiff seeks injunctive relief, monetary damages in excess of $100,000,000, costs and attorneys' fees due to Defendants' willful infringement of Plaintiff's copyrighted artworks and Defendants' unlawful alteration/falsification of related copyright management information in direct violation of sections 101 and 1202 of the Copyright Act.

## THE PARTIES

4. Plaintiff is an individual residing in Jacksonville, Florida.

5. Defendant Zoetop Business Co. Limited d/b/a "SHEIN" ("ZOETOP") is a limited company of Hong Kong having places of business at least at 345 Baldwin Park Blvd., City of Industry, CA 91746-1406, Room 11-12, 2/F, Hong Leong Plaza

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: (213) 896-2400
Fax: (213) 896-2450

(Phase 1), No. 33 Lok Yip Road, Fanling Hong Kong, and Datang Town Sanshui Industrial Park, Fo Shan, Guangdong 528100, China.

6. Defendant SHEIN Distribution Corporation ("SHEIN") is a Delaware Corporation having its principal place of business at 345 N. Baldwin Park Blvd., City of Industry, CA 91746.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## JURISDICTION AND VENUE

8. This action arises under the Copyright Act, 17 U.S.C. §§ 101, *et seq*. and 1201 *et seq*.

9. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over ZOETOP and SHEIN because each such Defendant (a) maintains, operates and/or transacts business through, a principal place of business in City of Industry, California, and (b) conducts continuous and systematic business in California, including in the Central District of California. The effect of Defendants' actions arises in multiple districts, and a substantial portion of the events giving rise to the claims herein occurred within this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 1400(a) because the acts of infringement complained of herein occurred in this District, Defendants are domiciled in this District, Defendants' office and agent can be found

in this District, Defendants' unlawful actions were directed from or through computers in this District, and Plaintiff has been harmed in this District.

12. Defendants are estopped from contesting personal jurisdiction or venue in this action because Defendants have consented to personal jurisdiction and venue in similar copyright infringement actions filed by other aggrieved parties in this District. *See e.g., Cat Coven LLC v. Shein Fashion Group*, 2020 U.S. Dist. LEXIS 123166, *15-16 ("Defendant argues that joinder [of Zoetop] would not destroy subject matter jurisdiction . . .").

## FACTUAL BACKGROUND

**Plaintiff's Commercial Art Business**

13. Plaintiff is a popular independent artist and illustrator who makes a living selling her original designs in the form of art prints and other original products under her eponymous brand name. Plaintiff is best known for her unique creative shape play illustrations, which combine rich textures and vivid colors. Plaintiff has cultivated a loyal, enthusiastic social media fan base principally comprised of more than 112,000 Instagram followers.

14. Plaintiff's artwork can be seen in Sephora stores, Net-a-Porter's Porter Magazine, Natural Products Insider magazine, and on various consumer products from jigsaw puzzles to wine bottles.

15. Plaintiff displays, markets and promotes her original creative designs on her commercial website (www.maggiestephenson.com) ("Plaintiff's Website") and the following commercial social media pages:

Instagram.com/_maggiestephenson;
Pinterest.com/maggiestephensonillustration;
facebook.com/maggiestephensonart;
behance.net/maggiestephenson; and
twitter.com/mstephensonillu

("Plaintiff's Social Media Accounts").

16. Plaintiff authorizes a select number of reputable, established e-commerce platforms, including Society6, Urban Outfitters and Jungalow (collectively, the "Authorized Platforms"), to sell high-quality framed and unframed prints of her original creations.

**The Subject Original Art Work**

17. The illustration depicted below, entitled "One is good, more is better," is an original work of art created exclusively by Plaintiff (the "Original Art Work"):



18. As the sole author and creator, Plaintiff is the exclusive owner of all rights and interests in and to the Original Art Work, including all rights granted to authors of original works of art under common law and the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

19. Plaintiff registered the Original Art Work with the United States Copyright Office. A copy of the registration certificate issued by the Copyright Office dated October 14, 2021, registration no. VA 2-272-522, is attached hereto as **Exhibit A**.

20. Images of the Original Art Work and derivative works thereof have been publicly displayed and widely disseminated since April 2019 on Plaintiff's Website, Plaintiff's Social Media Accounts and the Authorized Platforms. As a consequence, images of the Original Art Work have, at all such times, been readily accessible to and capable of being viewed globally by any person or entity with access to the Internet.

21. The Original Art Work is one of Plaintiff's most popular, best-selling original creative works. Plaintiff has sold high-quality framed and unframed prints of the Original Art Work via the Authorized Platforms since April 2019 at various price points ranging from $19.00 for the unframed 8x10 version to $300.00 for the framed 30x40 version.

22. Plaintiff affixes numerous forms of copyright management information ("CMI")—including Plaintiff's name and signature, date of creation, brand name, logo, and social media handle, as shown above —on all authorized prints and copies of the Original Art Work, derivative works thereof and related packaging. Plaintiff also affixes CMI on the images of the Original Art Work and derivative works thereof displayed on Plaintiff's Website, Plaintiff's Social Media Accounts and the Authorized Platforms. Such CMI serves to identify Plaintiff as the author and copyright owner of the Original Art Work and is intended to prevent third parties from creating unauthorized copies of the Original Art Work.

**Defendants' "Fast-Fashion" Enterprise**

23. Defendants collectively own and operate a notorious "fast-fashion" e-commerce enterprise that sells apparel, accessories, jewelry, tapestries and other products under Defendants' various proprietary brand names, including "SHEIN" and

"ROMWE", through Defendants' websites, including www.shein.com (the "SHEIN Website"), mobile applications and social media platforms.

24. Pursuant to their "fast-fashion" business model, Defendants (a) identify catwalk/high-fashion design trends, (b) mass produce low-cost, inferior "replicas" of high-end, higher-quality designer goods created by others, and (c) rush to flood the market with cheap, ersatz "designer" goods as the wave of consumer demand begins to crest.

25. Defendants' predatory, opportunistic "fast-fashion" business practices are inherently antagonistic to the intellectual property rights of third parties and, consequently, Defendants have been named in scores of infringement and/or unfair competition actions filed by major brands, famous designers, artists, illustrators and others whose original creations Defendants have stolen. In this District alone, at least one of the Defendants named herein has been sued for infringement and/or unfair competition in over thirty (30) separate actions. Defendants also have been hit with similar claims numerous times in other jurisdictions, including by major brands like Levi's, Ralph Lauren, and Deckers Outdoor Corp., which owns the UGG footwear brand.

**Defendants' Modus Operandi**

26. Defendants' *modus operandi* is on full display on Instagram. A search of hashtags such as #sheintheft, #arttheft, and #boycottshein, brings up numerous accounts of artists and other designers whose original artwork was stolen by Defendants and sold for a fraction of the work's true value. Their stories are the same: they see their artwork being sold on the SHEIN or ROMWE websites without their consent, they submit a copyright notification or contact the company, either the victim doesn't receive a response or Defendants blame the theft on a third-party vendor, and some may receive a pittance in compensation.

27. For example, Plaintiff is informed and believes and thereon alleges that the Instagram account @terese_nothing describes in detail how SHEIN and ROMWE

stole her artwork nine times between 2019 and 2021. Shockingly, SHEIN and ROMWE sold the *exact same artwork* on two occasions *after* being notified that the products infringed the artist's copyright. On one occasion, Defendants didn't even bother to remove the artist's name from the artwork before selling it online.





28. Similarly, Plaintiff is informed and believes and thereon alleges that the Instagram account @sasha.ignatiadou describes how in May 2019 SHEIN stole an illustration and sold it online without permission. After being notified of the infringement, SHEIN commented on the post, stating that the artwork was "supplied by a new vendor who told us he designed them." SHEIN's third-party "defense" strains credulity as the infringing artwork has the artist's name printed directly on the piece.



29.     In November 2019, Plaintiff is informed and believes and thereon alleges that the Instagram account @madelinekate_illustrates posted about her artwork being stolen by SHEIN and ROMWE. Again, the company blamed "a vendor who assured [it] that there weren't any copyright issues."



30. Recently, on or around May 17, 2022, Plaintiff is informed and believes and thereon alleges that the Instagram account @shop.kikay complained that SHEIN stole their earring design *for the second time*, after SHEIN, true to form, blamed a vendor and assured the creator that the relationship with the vendor was terminated and promised "to review the authorization of design more thoroughly before listing

the products." Less than a year after making this promise, SHEIN listed the same product for sale on its website.





**Defendants' Infringement Of The Original Art Work**

31. Similar, if not identical, to the above accounts of theft by Defendants, Plaintiff is informed and believes and based thereon alleges that within the past three

years, Defendants copied the original, copyright-protected elements of Plaintiff's Original Art Work without Plaintiff's authorization and created therefrom one or more art prints, copies of which Defendants then advertised, marketed and sold on the SHEIN Website under the description "Abstract Pattern Wall Painting Without Frame" (the "Infringing Work").

As illustrated in the side-by-side comparison below, the artistic elements (i.e., the designs, renderings, illustrations, drawings, figures, objects, and the arrangements and layouts thereof) and the color schemes, layouts and overall appearances of the Infringing Work and the Original Art Work are virtually identical and strikingly similar:

| **Original Art Work** | **Infringing Work** |
|---|---|



32. Based thereon and upon information and belief, Defendants have sold low-quality copies of the Infringing work, the number of which currently is unknown to Plaintiff, for as little as $4.00 per print.

33. Defendants never attempted to contact Plaintiff to inquire about properly licensing her work. Plaintiff is informed and believes and based thereon alleges that Defendants simply copied the Original Art Work, created the Infringing Work and sold copies thereof for a fraction of their value without regard for Plaintiff's creative rights and financial interests.

34. Plaintiff is informed and believes and based thereon alleges that in the process of unlawfully creating, copying, reproducing, distributing, adapting, and/or publicly displaying the Infringing Work without the consent, permission or authority of Plaintiff, Defendants intentionally removed Plaintiff's CMI with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's rights under the Copyright Act.

35. Plaintiff is informed and believes and based thereon alleges that Defendants unlawfully created and distributed copies of the Original Art Work with the knowledge and intent that Plaintiff's CMI had been removed therefrom.

36. Plaintiff is informed and believes and based thereon alleges that Defendants also added false copyright management information to copies of its Infringing Work and affixed the "SHEIN" name and logo to the packaging of the Infringing Work. In doing so, Defendants not only falsely identify SHEIN as the author and copyright owner of the original elements of the Infringing Work, but Defendants also falsely imply that they are the author and copyright owner of the Original Art Work.

37. Plaintiff is informed and believes and based thereon alleges that Defendants were, at all times relevant, aware that Plaintiff was the true author and copyright owner of the Original Art Work, and Defendants thus knew that the copyright management information that they affixed to copies of the Infringing Work was false and misleading.

38. Plaintiff is informed and believes and based thereon alleges that Defendants affixed false copyright management information on or in connection with

the Infringing Work to falsely convey the impression to consumers that SHEIN, rather than Plaintiff, was the author and copyright owner of the artistic design elements depicted in the Infringing Work. Defendants intended that by doing so, they would facilitate the sale of the Infringing Product and conceal the fact that they were infringing the Original Art Work.

## FIRST CLAIM FOR RELIEF
### Copyright Infringement - 17 U.S.C. § 501, *et seq.*
### Against All Defendants

39. Plaintiff repeats, realleges and hereby incorporates by reference the allegations set forth in paragraphs 1 through 38, above, as though fully set forth herein.

40. Plaintiff has complied in all respects with the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, and has secured the exclusive rights and privileged in and to the copyrights in the Original Art Work.

41. As alleged herein above, the Original Art Work has been widely disseminated and readily accessible since April 2019. Plaintiff is informed and believes and based thereon alleges that between April 2019 and August 2021, Defendants accessed the Original Art Work from Plaintiff's Website, Plaintiff's Social Media Accounts and/or the Authorized Platforms and thereafter copied, reproduced, distributed, adapted, and/or created derivative works of the Original Art Work without the consent, permission or authority of Plaintiff.

42. Defendants' conduct as alleged herein constitutes infringement of Plaintiff's copyright and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

43. Defendants' acts of infringement as alleged herein have been willful, intentional, purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights.

44. As a consequence of Defendants' acts of infringement as alleged herein, Plaintiff has suffered and continues to suffer economic harm and thus is entitled to recover the greater of Plaintiff's actual damages or the amount of profits attributable to Defendants' infringing acts pursuant to 17 U.S.C. § 504.

45. Plaintiff is informed and believes and based thereon alleges that Defendants' acts of infringement as alleged herein are continuing and will continue in the future. Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringement of the Original Art Work during the pendency of this action or thereafter. Plaintiff therefore seeks and is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, displaying, offering for sale, or selling copies or prints of the Infringing Work or any other products that are substantially similar to Original Art Work.

## SECOND CLAIM FOR RELIEF

### Vicarious and/or Contributory Copyright Infringement

### Against All Defendants

46. Plaintiff repeats, realleges and hereby incorporates by reference the allegations set forth in paragraphs 1-38 and 40-45, above, as though fully set forth herein.

47. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of the Infringing Work as alleged herein.

48. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

49. By reason of the Defendants' acts of contributory and vicarious infringement as alleged herein, Plaintiff has suffered and will continue to suffer

substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

50. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Original Art Work. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Original Art Work, in an amount to be established at trial.

### THIRD CLAIM FOR RELIEF

### Removal of Copyright Management Information - 17 U.S.C. § 1202(b) Against All Defendants

51. Plaintiff repeats, realleges and hereby incorporates by reference the allegations set forth in paragraphs 1-38, 40-45 and 47-50, above, as though fully set forth herein.

52. The Original Art Work includes conspicuous copyright management information including at least Plaintiff's signature, which is conveyed in connection with the Original Art Work and its packaging and is protected under 17 U.S.C. § 1202(b).

53. Plaintiff further conveys such copyright management information in connection with the Original Art Work on her website, Society6 storefront, social media accounts, and third-party e-commerce websites.

54. Upon information and belief, Defendant knowingly distributed the Infringing Product, which features an identical copy of the Original Art Work from which the copyright management information placed on authorized copies of the Original Art Work and their packaging was intentionally removed.

55. Upon information and belief, Defendant knowingly sourced, sold, and distributed infringing products featuring identical copies of the Original Art Work

from which the copyright management information placed on authorized copies of the Original Art Work and their packaging was intentionally removed.

56. Upon information and belief, Defendant knowingly sold infringing products featuring identical copies of the Original Art Work from which the copyright management information was intentionally removed.

57. Upon information and belief, Defendant knowingly distributed and imported for distribution unauthorized copies of the Original Art Work from which copyright management information had been intentionally removed.

58. Upon information and belief, Defendant distributed the Infringing Product with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act, 17 U.S.C. § 101 *et seq*.

59. Defendant engaged in these activities without the consent or authorization of Plaintiff.

60. Plaintiff has been injured and will continue to suffer injury as a result of Defendants' violations of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, impoundment of the Infringing Work, monetary damages, costs and attorneys' fees according to proof. Pursuant to 17 U.S.C. § 1203(c)(3), Plaintiff may also elect to recover statutory damages of up to $25,000 for each violation of 17 U.S.C. § 1202(b).

## FOURTH CLAIM FOR RELIEF
## False Copyright Management Information - 17 U.S.C. § 1202(a)
## Against All Defendants

61. Plaintiff repeats, realleges and hereby incorporates by reference the allegations set forth in paragraphs 1-38, 40-45 and 47-50 and 52-60, above, as though fully set forth herein.

62. Upon information and belief, each Defendant, either separately or in concert with each other, intentionally and knowingly provided false copyright management information in connection with the Infringing Product. Specifically, Defendants affixed the "SHEIN" name and logo to the packaging of the Infringing

Product and intentionally removed Plaintiff's copyright management information, including at least Plaintiff's signature.

63. Upon information and belief, each Defendant, either separately or in concert with each other, intentionally and knowingly imported for distribution and distributed false copyright management information in connection with the Infringing Product.

64. Upon information and belief, each Defendant, either separately or in concert with each other, knew that the copyright management information it conveyed in connection with the Infringing Product was false because Defendants knew that Plaintiff, and not Defendants, were the true author and copyright owner of the Original Art Work.

65. Upon information and belief, each Defendant, either separately or in concert with each other, knowingly provided such false copyright management information and distributed and imported such false copyright management information in connection with the Infringing Product with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

66. Defendants engaged in these activities without the consent or authorization of Plaintiff.

67. Plaintiff has been injured as a result of Defendants' violation of 17 U.S.C. § 1202(a) and is entitled to injunctive relief, impounding of the Infringing Product, damages, costs, and attorney's fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) of up to $25,000 for each violation of 17 U.S.C. § 1202(a).

**WHEREFORE**, Plaintiff demands judgment as follows:

1. For an order permanently restraining and enjoining Defendants from copying, reproducing, distribution, adapting, and/or publicly displaying the Original Art Work or any elements thereof;

2. For an order requiring the destruction of all of Defendants' infringing products, including the Infringing Work and all marketing, advertising and/ or promotional materials associated therewith;

3. For an award of the amount equal to the greater of Plaintiff's actual damages or disgorgement of Defendants' worldwide profits according to proof;

4. For an award of $25,000 per violation of 17 U.S.C. § 1202(a), an order requiring the impoundment of all existing copies of the Infringing Work under 17 U.S.C. § 1203, and an award of Plaintiff's costs and attorneys' fees under 17 U.S.C. § 1203;

5. For an award of $25,000 per violation of 17 U.S.C. § 1202(b), an order requiring the impoundment of all existing copies of the Infringing Product under 17 U.S.C. § 1203, and an award of Plaintiff's costs and attorneys' fees under 17 U.S.C. § 1203;

6. For the costs of suit incurred herein;

7. For interest, including prejudgment interest, on the foregoing sums; and

8. For such other and further legal and equitable relief as the Court deems just and proper.

Dated: June 15, 2022

**HOLLAND & KNIGHT LLP**

By: /s/ Danielle N. Garno
Stacey H. Wang
Danielle N. Garno
David R. Donoghue
Ji Mao
*Attorneys for Plaintiff*
*Magdalena Mollmann p/k/a Maggie Stephenson*