HOLLAND & KNIGHT LLP
Stacey H. Wang (SBN 245195)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450
E-mail: Stacey.wang@hklaw.com

Danielle N. Garno (SBN 208809)
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Tel: 305.374.8500
Fax: 305.789.7799
E-mail: danielle.garno@hklaw.com

R. David Donoghue (SBN 205730)
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
Tel: 312.578.6553
E-mail: david.donoghue@hklaw.com

Ji Mao (Pro Hac Vice)
31 West 52nd Street
New York, NY 10019
Tel: (212) 513.3420
E-mail: ji.mao@hklaw.com

Attorneys for Plaintiff
Magdalena Mollmann p/k/a Maggie Stephenson

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| MAGDALENA MOLLMANN p/k/a MAGGIE STEPHENSON,<br><br>Plaintiff,<br><br>v.<br><br>ZOETOP BUSINESS CO., LTD. d/b/a "SHEIN;" and SHEIN DISTRIBUTION CORPORATION,<br><br>Defendant. | Case No.: 2:22-cv-04128-PA-GJS<br><br>**DISCOVERY MATTER**<br><br>**NOTICE OF MOTION AND MOTION (1) FOR PROTECTIVE ORDER, (2) TO COMPEL DOCUMENT PRODUCTION, AND (3) TO COMPEL DEPOSITION**<br><br>Judge: Hon. Gail J. Standish<br>Date: May 1, 2023<br>Time: 3:00 p.m.<br>Courtroom: 640 - Roybal |

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 1, 2023, at 3:00 P.M., in Courtroom 640 of the above captioned Court, located at 255 E. Temple St., Los Angeles, California, Plaintiff Magdalena Mollmann p/k/a Maggie Stephenson ("Plaintiff") will and hereby does respectfully move this Court: (1) for a protective order preventing Ms. Stephenson from having to travel from Jacksonville, Florida to Los Angeles, California for her deposition; (2) to compel Defendants Zoetop Business Co., Ltd. and Shein Distribution Corporation (collectively, "Defendants") to produce documents responsive to Plaintiff's document requests numbers 47-49 and 65; and (3) to compel Defendants to make Yuki Wang available for video deposition.

(1) Ms. Stephenson would be subjected to undue hardship if she were forced to travel across the country for her deposition, as outlined in her supporting declaration. Therefore, issuing a protective order and requiring her deposition be taken either by video deposition or in Jacksonville, Florida is appropriate.

(2) The documents sought in Plaintiff's document request numbers 47-49 and 65 relate generally to Defendants' past history of violating copyright laws. These documents are relevant and necessary to establish Defendants' liability under Plaintiff's third cause of action under 17 U.S.C. Section 1202(b) and for determining the amount and type of relief to be awarded Plaintiff under all of her claims. Therefore, Defendants should be compelled to produce them in response to Plaintiff's requests.

(3) Yuki Wang is a managing agent of Defendants who was personally involved in the events that gave rise to Plaintiff's claims. Accordingly, Defendants should be compelled to make her available for deposition in response to Plaintiff's deposition notice.

These motions are based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations of Ji Mao and Maggie Stephenson, all pleadings and files in this matter, and upon such other and further oral or documentary evidence as may be presented to the Court at or prior to the hearing on this Motion.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

MOTION (1) FOR PROTECTIVE ORDER, (2) TO COMPEL DOCUMENT PRODUCTION, AND (3) TO COMPEL DEPOSITION

1   The motions are made following conferences of counsel pursuant to L.R. 7-3

2   which took place on February 21st and 27th, 2023 and March 23, 2023.

3

4   Dated: March 28, 2023                    HOLLAND & KNIGHT LLP

5

6                                            By: */s/ Stacey H. Wang*
                                                 Stacey H. Wang
7                                                Danielle N. Garno
                                                 David R. Donoghue
8                                                Ji Mao

9
                                                 *Attorneys for Plaintiff*
10                                               *Magdalena Mollmann p/k/a Maggie*
                                                 *Stephenson*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

MOTION (1) FOR PROTECTIVE ORDER, (2) TO COMPEL DOCUMENT
PRODUCTION, AND (3) TO COMPEL DEPOSITION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................. 1

II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............. 2

   A.   Deposition of Maggie Stephenson.................................. 3

   B.   Plaintiff's Request for Production Nos. 47-49 and 65 ......... 4

   C.   Deposition of Yuki Wang .......................................... 5

III.  ARGUMENT............................................................. 6

   A.   Plaintiff is Entitled to a Protective Order to Prevent the Undue
        Burden of Traveling Across the Country For Her Deposition ............ 6

   B.   Plaintiff Must Be Compelled to Produce the Documents-at-Issue
        Because They Are Highly Relevant to This Action........................... 9

        1.   The Requested Documents are Necessary to Adjudicate
             Plaintiff's 1202(b) Claim ........................................ 10

        2.   The Documents-at-Issue are Necessary to Determine What
             Relief Plaintiff Should be Awarded ......................... 12

   C.   Yuki Wang Should be Compelled for Deposition Because She is a
        Managing Agent ..................................................... 13

IV.   CONCLUSION ......................................................... 15

MOTION (1) FOR PROTECTIVE ORDER, (2) TO COMPEL DOCUMENT
PRODUCTION, AND (3) TO COMPEL DEPOSITION

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Associated Indus. Ins. Co. v. San Joaquin Hills Transp. Corridor Agency*,
No. 8:18-cv-01776-PSG, 2023 U.S. Dist. LEXIS 37930 (C.D. Cal. Feb. 13, 2023)................................................................................10

*Boston Diagnostics Development Corp. v. Kollsman Manufacturing Co.*,
123 F.R.D. 415 (D. Mass. 1988) ........................................................14

*Umg Recordings v. Kurbanov*,
Civil Action No. 1:18-cv-957, 2021 U.S. Dist. LEXIS 250844 (E.D. Va. Dec. 16, 2021)..............................................................................12

*Calderon v. Experian Info. Sols., Inc.*,
287 F.R.D. 629 (D. Idaho 2012)...................................................14, 15

*Design Mart, LLC v. A Matalucci & Son Mem'l Artisans, LLC*,
No. 3:21-CV-22 (CAR), 2022 U.S. Dist. LEXIS 87987 (M.D. Ga. May 16, 2022).....................................................................................13

*Friedman v. Live Nation Merch., Inc.*,
833 F.3d 1180 (9th Cir. 2016)..............................................................10

*Grossman v. Dirs. Guild of Am., Inc.*,
No. EDCV 16-1840-GW, 2018 WL 5914242 (C.D. Cal. Aug. 22, 2018) ....................................................................................................10

*Hernandez v. Hendrix Produce, Inc.*,
297 F.R.D. 538 (S.D. Ga. 2014)............................................................9

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*,
327 F. Supp. 3d 606 (S.D.N.Y. 2018) ..........................................11, 13

*Knuth v. Reg'l Transit Auth. of New Orleans*,
No. 20-396, 2020 U.S. Dist. LEXIS 214647 (E.D. La. Nov. 17, 2020) .............9

*Lenz v. Universal Music Corp.*,
815 F.3d 1145 (9th Cir. 2016)..............................................................11

MOTION (1) FOR PROTECTIVE ORDER, (2) TO COMPEL DOCUMENT PRODUCTION, AND (3) TO COMPEL DEPOSITION

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

*Monster Energy Co. v. Cycle Locators, Inc.*,
   No. EDCV 18-00050, 2018 U.S. Dist. LEXIS 225396 (C.D. Cal.
   June 25, 2018)........................................................................................................7

*Poturich v. Allstate Ins. Co.*,
   No. EDCV 15-0081-GW, 2015 U.S. Dist. LEXIS 187149 (C.D. Cal.
   Aug. 11, 2015)........................................................................................................9

*United States ex rel. Prather v. AT&T Inc.*,
   No. C -09-02457 CRB (EDL), 2012 U.S. Dist. LEXIS 176980 (N.D.
   Cal. Dec. 12, 2012)................................................................................................6

*Rg Abrams Ins. v. Law Offices of C.R. Abrams*,
   No. 2:21-cv-00194-FLA-MAAx, 2021 U.S. Dist. LEXIS 210940
   (C.D. Cal. Aug. 19, 2021) ....................................................................................13

*Rm Media v. Tran*,
   No. SACV 18-01508-CJC-JDE, 2018 U.S. Dist. LEXIS 245000
   (C.D. Cal. Dec. 18, 2018) ....................................................................................12

*SEC v. Aly*,
   320 F.R.D. 116 (S.D.N.Y. 2017)...........................................................................8

*Sheldon v. Plot Commerce*,
   No. 15 CV 5885 (CBA) (CLP), 2016 U.S. Dist. LEXIS 116135
   (E.D.N.Y. Aug. 26, 2016) ....................................................................................12

*United States v. Afram Lines, Ltd.*,
   159 F.R.D. 408 (S.D.N.Y. 1994)....................................................................14, 15

*United States v. Chi. Medi-Car Transit Corp.*,
   No. 11-CV-3276, 2015 U.S. Dist. LEXIS 76088 (C.D. Ill. June 11,
   2015) ......................................................................................................................7

*United States v. One Gulfstream G-V Jet Aircraft Displaying Tail No.
   VPCES*,
   304 F.R.D. 10 (D.D.C. 2014)..................................................................................8

*Warner Bros. Int'l Tv Distribution v. Golden Channels & Co.*,
   No. CV 02-09326-MMM, 2003 U.S. Dist. LEXIS 29579 (C.D. Cal.
   Aug. 15, 2003)......................................................................................................14

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- iii -

MOTION (1) FOR PROTECTIVE ORDER, (2) TO COMPEL DOCUMENT
PRODUCTION, AND (3) TO COMPEL DEPOSITION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**Statutes**

17 U.S.C. § 1202................................................................................. 1, 4, 12

17 U.S.C. § 1202(b)............................................................................10

28 U.S.C. § 1391(b)............................................................................7

**Other Authorities**

Fed. R. Civ. P. 26(b)(1)......................................................................9

Fed. R. Civ. P. 26(c)(1)......................................................................6

Fed. R. Civ. P. 30(b)(1)....................................................................13

Fed. R. Civ. P. 56(d)..........................................................................3

Fed. R. Evid. 404(b)(2).....................................................................11

1

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In this copyright infringement action, Plaintiff Magdalena Mollmann p/k/a Maggie Stephenson ("Plaintiff" or "Ms. Stephenson") seeks a protective order to obtain reasonable accommodations for her deposition and to obtain discovery to which she is entitled to prove her case.

First, although Ms. Stephenson filed suit in this District, she lives in Jacksonville, Florida. Plaintiff has offered to make Ms. Stephenson available for video deposition or in person in Jacksonville. Good cause exists for this Court to grant Ms. Stephenson's motion for a protective order because she would otherwise be subject to the undue burden of not being able to take care of her son or fulfill her professional responsibilities, which would cause her to lose opportunities to earn income as an independent artist. Ms. Stephenson had no choice but to file suit in this District, and she should not be penalized for enforcing her rights in the only forum available to her. A video deposition or in-person deposition in Jacksonville would save both parties time and money over forcing her to travel to Los Angeles, given that the attorney expected to take her deposition on behalf of Defendants Zoetop Business Co., Ltd. and Shein Distribution Corporation (collectively, "Defendants") is also located on the East Coast.

Plaintiff is also entitled to documents in Defendants' possession, custody and control, relating to other notices and judgments for copyright infringement and violation of 17 U.S.C. § 1202 (Plaintiff's document requests numbers 47-49 and 65 (the "Documents-at-Issue")) and to make their employee Yuki Wang, who currently works in China, available for video deposition. The documents and Yuki Wang's deposition are critical to Plaintiff's claims, and Plaintiff opposed Defendants' early summary judgment motion specifically on the basis that she still needed to discover the Documents-at-Issue and take the deposition of Yuki Wang. The District Court agreed. Dkt. No. 81 at 12. Despite the District Court's Order acknowledging Plaintiff's

MOTION (1) FOR PROTECTIVE ORDER, (2) TO COMPEL DOCUMENT PRODUCTION, AND (3) TO COMPEL DEPOSITION

efforts to seek this discovery may result in a motion to compel, Defendants have continued to refuse to produce the Documents-at-Issue.[1]

Accordingly, Plaintiff moves to compel Defendants to produce the Documents-at-Issue because they are plainly relevant to proving Defendants' liability, including willfulness, and the relief to be awarded to Plaintiff. Plaintiff also moves to compel Defendants to make Yuki Wang available for deposition because she is a managing agent of Defendants and is thus subject to deposition by notice.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Maggie Stephenson is an independent artist and illustrator who sells original designs in the form of art prints and other products. Dkt No. 1 ("Complaint") at ¶ 13. She created the design "One is good, more is better." *Id*. at ¶ 17. Defendants advertised, marketed, and sold the original, copyright-protected elements of the Original Art Work without Plaintiff's authorization on Defendants' websites using the description "Abstract Pattern Wall Painting Without Frame" (the "Accused Product"). *Id*. at ¶¶ 31-32. To protect her intellectual property rights and her right to make a living, Plaintiff asserted four claims against Defendants stemming from their sale of Plaintiff's copyrighted artwork without her permission. *See generally* Complaint. On September 27, 2022, this Court entered a Scheduling Order establishing a discovery cut-off of May 15, 2023. *See* DE 31 at 1. On December 16, 2022, five months before the discovery cutoff, Defendants filed a motion to for partial summary judgment on Plaintiff's third and fourth claims, arguing that they did not know that Plaintiff's CMI had been improperly removed from the Accused Product because they had obtained the ready-made product from a vendor that represented there were no copyright issues. *See generally* Dkt. No. 46. In opposing Defendants' summary judgment motion,

---

[1] Defendants also refused to produce a witness to testify in response to certain topics identified in Plaintiff's Notice of Deposition to Defendants under Federal Rule 30(b)(6). However, because the topics overlap with the knowledge of a witness that will be deposed on March 31, 2023, and because these and other issues may be resolved by the production of documents and deposition that are subject of this motion, Plaintiff will meet and confer with Defendants at the appropriate time in an effort to resolve remaining issues before resorting to motion practice.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Plaintiff argued pursuant to Fed. R. Civ. P. 56(d) that she needed additional time to conduct discovery because Defendants had not yet made Yuki Wang, a critical fact witness, available for deposition, and had not yet produced the Documents-at-Issue. *See generally* Dkt. No. 69. On February 10, 2023, the Court denied Defendants' motion with respect to Plaintiff's third claim and gave Plaintiff additional time to take the aforementioned discovery. *See* Dkt. No. 81 at 12.

A.    **Deposition of Maggie Stephenson**

Ms. Stephenson is an independent artist and single mother who resides in Jacksonville, Florida. Declaration of Maggie Stephenson ("Stephenson Dec.") ¶¶ 1, 5. She has joint-custody of her son and home schools him every day from 9:45 am to 4:00 pm. *Id.* at ¶¶ 6-9. She is also currently working on a number of projects with tight deadlines that require her to be present at her work station. *Id.* at ¶¶ 10-17. As well, she is currently transitioning to the editorial illustration field and is building her reputation in that field as a fast and reliable illustrator. *Id.* at ¶ 14. Editorial illustration work has become her main focus and main source of income over the past few months. *Id.* She would suffer reputational damage and lose future work if she were forced to decline or delay work offered to her. *Id.* at ¶¶ 15-16. In fact, she has already decided to forego a church trip scheduled in April because of these obligations. *Id.* at ¶ 18. Given Ms. Stephenson's situation, on February 1, 2023, Plaintiff's counsel offered to make Ms. Stephenson available for video deposition or in Jacksonville, Florida, but after an e-mail and letter exchange, Defendants' counsel demanded that Ms. Stephenson be made available for deposition in Los Angeles. Declaration of Ji Mao ("Mao Dec.") ¶¶ 3-6. On February 21, the parties' counsel met and conferred in good faith in an attempt to avoid the need for a discovery motion, but Defendants' counsel refused to compromise. Mao Dec. ¶ 7. On March 6, 2023, Plaintiff's counsel e-mailed Defendants' counsel that the parties were at an impasse, and one day later, Defendants served a notice of deposition to take Ms. Stephenson's deposition in Los Angeles. Mao Dec. ¶¶ 8-9. After

1  another e-mail exchange, on March 23, 2023, the parties' counsel one again met and

2  conferred in good faith but could not come to an agreement. Mao Dec. ¶¶ 10-12.

3      **B.    Plaintiff's Request for Production Nos. 47-49 and 65**

4      Defendants have been named in scores of infringement and/or unfair

5  competition actions filed by major brands, famous designers, artists, illustrators and

6  others. *See* Complaint at ¶ 25. In this District alone, at least one of the Defendants

7  named herein has been sued for infringement and/or unfair competition in over thirty

8  (30) separate actions. *Id.* Defendants also receive numerous informal complaints of

9  intellectual property infringement from copyright and trademark holders that have

10 never lead to lawsuits. *See id.* at ¶¶ 26-30.

11     In order to ascertain the extent of Defendants' bad acts, Plaintiff has requested,

12 through multiple rounds of discovery, that Defendants identify previous allegations or

13 judgments of copyright infringement made against them. On October 4, 2022, Plaintiff

14 served her First Set of Requests for Production on Defendants. Request Nos. 47-49

15 request that Defendants produce documents sufficient to identify "all allegations of

16 copyright infringement made against you from January 1, 2014 to present" (No. 47);

17 "all judgments against you since January 1, 2020 in which you were found liable for

18 violation of any provision of the Digital Millennium Copyright Act" (No. 48); and "all

19 allegations made against you under 17 U.S.C. § 1202 from January 1, 2014 to present"

20 (No. 49). Mao Dec. Ex. D. Request No. 65 requests documents and communications

21 "relating to any notifications or complaints of copyright infringement or removal of

22 copyright information received by you from April 1, 2018 to present, including

23 WeChat messages and any messages on similar messaging applications." Mao Dec.

24 Ex. F. Defendants responded to Plaintiff's requests with boilerplate objections and

25 stated that they were "withholding documents." Mao Dec. Exs. E & G.

26     In their summary judgment briefing, Defendants argued that the Documents-at-

27 Issue were not relevant to Plaintiff's third claim (Dkt. No. at 67 at 5), but the Court

28 rejected Defendants' arguments, and allowed Plaintiff until the end of the discovery

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 4 -

1  period to collect additional evidence. Dkt. No. 81 at 6-7, 12. Following the Court's

2  ruling, the parties met and conferred. Mao Dec. ¶ 19 & Ex. H. Plaintiff's counsel

3  provided legal authority in support of the requested documents, but Defendants'

4  counsel responded that the parties were at an impasse. Mao Dec. ¶¶ 20-21.

5  ### C.  <u>Deposition of Yuki Wang</u>

6  According to the Defendants' corporate witness, Yuki Wang was the head of a

7  buyer team for Defendants. Dkt. No. 82-4, Ex. N ("Aitkin Tr.") at 103:12-18; 132:16-

8  133:4; 230:18-20. She is in charge of purchasing hundreds if not thousands of products

9  daily over multiple categories, including wall art, the category for the Accused Product.

10  *Id.* at 51:6-15; 99:9-12; 109:4-11. In addition to making purchasing decisions, Ms.

11  Wang was also responsible for communicating with vendors and reviewing products

12  for infringement issues and deciding whether or not to list infringing products. *Id.* at

13  51:6-15; 96:25-97:6; 99:9-101:3; Dkt. No. 82-4, Ex. Q at 13. Defendants testified that

14  Ms. Wang has personal knowledge regarding the purchase of the Accused Product and

15  review of the Accused Product for infringement issues. *See* 82-3 ¶ 44; *see also* 82-4,

16  Ex. Q at 13. On January 19, 2023, Plaintiff served her Notice of Deposition of Yuki

17  Wang on Defendants. Mao Dec. Ex. K. On January 20, 2023, Defendants' counsel

18  responded by letter that Ms. Wang was not an officer, director, or managing agent of

19  Defendants, and requested that Plaintiff provide legal authority on why Ms. Wang

20  should be subject to deposition by notice. Mao Dec. Ex. L. Following a meet and

21  confer, Defendants' counsel represented that if they did not agree to make Ms. Wang

22  available for deposition, they would allow Plaintiff to take informal discovery to

23  determine if Ms. Wang was a managing agent. Mao Dec. ¶¶ 25-28.[2] After an e-mail

24  exchange, Defendants' counsel has refused to make Ms. Wang available for deposition

25  and, despite their previous representation, also refused to provide the informal

26  _____

27  [2] There was a misunderstanding between the Parties' counsel that delayed resolution of this issue. Plaintiff's counsel was waiting for Defendants' counsel to provide their stance on whether they would agree to make Yuki Wang available for deposition, while Defendants' counsel was waiting for Plaintiff's counsel to provide informal discovery requests. *See* Mao Dec. Ex. P.

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 5 -

MOTION (1) FOR PROTECTIVE ORDER, (2) TO COMPEL DOCUMENT PRODUCTION, AND (3) TO COMPEL DEPOSITION

discovery Plaintiff needs to prove that Ms. Wang is a managing agent of Defendants.
Mao Dec. Ex. C.

III.  **ARGUMENT**

  A.   **Plaintiff is Entitled to a Protective Order to Prevent the Undue
       Burden of Traveling Across the Country For Her Deposition**

"A party or any person from whom discovery is sought may move for a
protective order in the court where the action is pending—or as an alternative on
matters relating to a deposition, in the court for the district where the deposition will
be taken." Fed. R. Civ. P. 26(c)(1). "As a general rule, a party may unilaterally choose
the place for deposition of the opposing party, and a plaintiff will be required to be
deposed in the district in which the case is filed." *United States ex rel. Prather v. AT&T
Inc.*, No. C -09-02457 CRB (EDL), 2012 U.S. Dist. LEXIS 176980, at *3-4 (N.D. Cal.
Dec. 12, 2012) (citation omitted). "However, this rule is not strictly enforced when the
plaintiff had no real choice of forum." 7 Moore's Federal Practice - Civil § 30.20
(2023). "Courts retain substantial discretion to designate the site of a deposition, and
presumptions as to where the deposition should take place are merely decisional rules
that facilitate the determination when other relevant factors do not favor one side over
the other." *Id*. If a party makes a showing of good cause, a court may order a deposition
to take place elsewhere. *Prather*, No. 2012 U.S. Dist. LEXIS 176980, at *4 (citation
omitted); Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to
protect a party or person from annoyance, embarrassment, oppression, or undue burden
or expense . . . ." ). "In conjunction with these decisional rules, a court may consider
such factors as cost, convenience, and litigation efficiency in determining the site of a
deposition." *United States v. Chi. Medi-Car Transit Corp.*, No. 11-CV-3276, 2015 U.S.
Dist. LEXIS 76088, at *7 (C.D. Ill. June 11, 2015).

Here, good cause exists to grant a protective order requiring Defendants to take
the deposition of Ms. Stephenson either by videoconference or at Plaintiff's offices in
Jacksonville, Florida.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

***First***, no deference should be given to the general principal that a plaintiff should appear for deposition in the district in which the case is filed because Plaintiff had no choice but to file suit in this District. *See* 7 Moore's Federal Practice - Civil § 30.20 (2023) ("[T]his rule is not strictly enforced when the plaintiff had no real choice of forum."). Defendants are Chinese corporations that operate a direct-to-consumer business model that involves selling products through their website without physical retail locations. At the time she filed suit, Plaintiff had no choice of where to file suit because Plaintiff was only aware that Defendants had one physical location in the United States: Shein Distribution Corporation's headquarters in Los Angeles.[3] Defendants were not subject to personal jurisdiction in any other district, and venue was not proper in any other district. *See*, *e.g.*, *Monster Energy Co. v. Cycle Locators, Inc.*, No. EDCV 18-00050 JGB (KKx), 2018 U.S. Dist. LEXIS 225396, at *9 (C.D. Cal. June 25, 2018) ("Maintaining a website alone, without conduct directly targeting the forum, does not confer personal jurisdiction.").

***Second***, forcing Ms. Stephenson to travel from Florida to California would impose undue hardship on Ms. Stephenson. Plaintiff has offered to make Ms. Stephenson available for deposition by videoconference, or if Defendants insist on taking an in-person deposition, at the Jacksonville offices of its outside counsel, Holland and Knight LLP. Plaintiff's proposal would save *both* parties from costly and time-consuming travel, since both Plaintiff and the attorney most likely to depose her, Justin Maclean, both reside on the east coast.[4] *See*, *e.g.*, *United States v. One Gulfstream G-V Jet Aircraft Displaying Tail No. VPCES*, 304 F.R.D. 10, 17-18 (D.D.C.

---

[3]In discovery, Plaintiff learned that Shein Distribution Corporation opened a warehouse in the state of Indiana. However, even this new information does not change the fact that venue was only proper in this District because the Indiana warehouse was apparently not involved in the events that gave rise to Plaintiff's claims. *See* 28 U.S.C. § 1391(b) ("A civil action may be brought in . . . (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."). The warehouse was not operational during the time period when Defendants' sold the Accused Products.
[4]https://www.gtlaw.com/en/professionals/m/maclean-justin-a

MOTION (1) FOR PROTECTIVE ORDER, (2) TO COMPEL DOCUMENT
PRODUCTION, AND (3) TO COMPEL DEPOSITION

2014) ("Ample case law recognizes that a videoconference deposition can be an adequate substitute for an in-person deposition, particularly when significant expenses are at issue or when the deposition will cover a limited set of topics."); *SEC v. Aly*, 320 F.R.D. 116, 119 (S.D.N.Y. 2017) ("This potential burden on travel to each side plainly points to holding the deposition by videoconference. This is frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides.").

However, Defendants have insisted on an in-person deposition in Los Angeles apparently to impose an undue burden and excessive litigation expenses on Ms. Stephenson. While both parties would incur costs if Ms. Stephenson and Mr. MacLean were to travel to Los Angeles, Ms. Stephenson is much less equipped to absorb such costs because she, unlike Defendants, is an independent artist and not a multi-billion dollar corporation. Ms. Stephenson is a single mother who homeschools her son during the day. Stephenson Dec. ¶¶ 6, 9. Her son has never been left at home unsupervised before, but if forced to travel, Ms. Stephenson would not be able to home school him and would have to arrange care for her son even though she does not wish to place him in the custody of someone who has never cared for him before. *Id.* at ¶¶ 7, 8. She is also currently working on a number of projects with tight deadlines that require her to be present at her work station. *Id.* at ¶¶ 10-17. As well, she is currently transitioning to the editorial illustration field and is building her reputation in that field as a fast and reliable illustrator. *Id.* at ¶ 14. In fact, editorial illustration work has become her main focus and main source of income over the past few months. *Id.* She would suffer reputational damage and lose future work if she were forced to decline or delay work offered to her. *Id.* at ¶¶ 15-16. In fact, she has already decided to forego a church trip in April because for these reasons. *Id.* at ¶ 18. Forcing Ms. Stephenson to travel both ways across the country would be highly disruptive of both her professional duties and her duties as a mother, and the loss of future work would impose a large economic burden on her. Therefore, unless the Court grants the requested protective order,

MOTION (1) FOR PROTECTIVE ORDER, (2) TO COMPEL DOCUMENT PRODUCTION, AND (3) TO COMPEL DEPOSITION

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Plaintiff would be subject to undue hardship caused by Defendants' refusal to make reasonable accommodations. *See*, *e.g.*, *Hernandez v. Hendrix Produce, Inc.*, 297 F.R.D. 538, 539-540 (S.D. Ga. 2014) (court refused to order plaintiffs' deposition in forum when plaintiffs were at "economic disadvantage"); *Knuth v. Reg'l Transit Auth. of New Orleans*, No. 20-396, 2020 U.S. Dist. LEXIS 214647, at *8 (E.D. La. Nov. 17, 2020) ("Even though Plaintiff Knuth is not elderly and does not appear to have any relevant health condition, this Court will not require her to travel to New Orleans simply for her deposition.").

**B.** **Plaintiff Must Be Compelled to Produce the Documents-at-Issue Because They Are Highly Relevant to This Action**

A party may obtain discovery of "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(1), a relevant matter is "any matter that 'bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Poturich v. Allstate Ins. Co.*, No. EDCV 15-0081-GW (KKx), 2015 U.S. Dist. LEXIS 187149, at *4 (C.D. Cal. Aug. 11, 2015) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Id.* (citation omitted). "When a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34, a party seeking discovery may move for an order compelling . . . production[.]" *Grossman v. Dirs. Guild of Am., Inc.*, No. EDCV 16-1840-GW (SPx), 2018 WL 5914242, at *4 (C.D. Cal. Aug. 22, 2018) (citing Fed. R. Civ. P. 37(a)(3)(B)(iv)). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance." *Associated Indus. Ins. Co. v. San Joaquin Hills Transp. Corridor Agency*, No. 8:18-cv-01776-PSG (JDEx), 2023 U.S. Dist. LEXIS 37930, at *8 (C.D. Cal. Feb. 13, 2023) (citation omitted). "Once the minimal showing of relevance is made, '[t]he party who resists discovery has the burden to show that

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1    discovery should not be allowed, and has the burden of clarifying, explaining, and

2    supporting its objections.'" *Id.* (citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458

3    (C.D. Cal. 2002)).

4          The Documents-at-Issue pertain to Defendants' history of alleged copyright

5    infringements. This information is relevant and necessary both to (1) adjudicate

6    Defendants' liability under Plaintiff's third claim; and (2) if Plaintiff prevails on her

7    claims, determine the amount and types of relief to be awarded.

8          **1.    The Requested Documents are Necessary to Adjudicate**

9                 **Plaintiff's 1202(b) Claim**

10         Section 1202(b) contains a double-scienter requirement – actual knowledge of

11    the removal or alteration of CMI without authority and actual or constructive

12    knowledge that such distribution will induce, enable, facilitate, or conceal an

13    infringement. *See* 17 U.S.C. § 1202(b). Circumstantial evidence is often used to prove

14    such knowledge of CMI removal since specific proof of a party's wrongful intent is

15    seldom available. *See Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1188-89

16    (9th Cir. 2016) ("[W]henever state of mind is at issue, direct proof of one's specific

17    wrongful intent is rarely available and so recourse to circumstantial evidence is most

18    often necessary." (quoting *United States v. Dearing*, 504 F.3d 897, 901 (9th Cir. 2007))

19    (internal quotation marks omitted)). With respect to the first actual knowledge

20    requirement, the Ninth Circuit has recognized that "'the willful blindness doctrine may

21    be applied, in appropriate circumstances, to demonstrate knowledge or awareness of

22    specific instances of infringement under the DMCA.'" *See Lenz v. Universal Music

23    Corp.*, 815 F.3d 1145, 1155-56 (9th Cir. 2016) (quoting *Viacom Int'l, Inc. v. YouTube,

24    Inc.*, 676 F.3d 19, 35 (2d Cir. 2012)).

25         Defendants themselves have stated that willful blindness requires that: "(1)

26    [Defendants] subjectively believed that there was a high probability that Plaintiff's

27    signature (the alleged 'CMI') existed on and was removed from the Good at Issue, and

28    (2) **took deliberate actions** (as opposed to passive inaction) to avoid learning of that

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 10 -

alleged removal." Dkt. No. 67 at 3 (emphasis added). The Documents-at-Issue are relevant to at least the second element of willful blindness because Courts have found that a party's past history of bad acts is relevant to whether that party took willful, *i.e.*, deliberate action. *See Gucci Am., Inc. v. Guess?, Inc.*, 858 F. Supp. 2d 250, 253 (S.D.N.Y. 2012) ("Under Federal Rule of Evidence 404(b)(2), evidence of prior bad acts may be admissible to show 'motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.' On this basis, courts frequently consider prior judicial resolutions of trademark disputes when discussing the alleged infringer's intent or bad faith."); *see also John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 628 (S.D.N.Y. 2018) ("a defendant's history of infringement is relevant in determining willfulness."). For instance, in *Gucci Am.*, the court found that evidence of third party cease-and-desist letters, the exact sort of evidence Plaintiff is seeking in its requests, are relevant and material to whether Defendant had willfully infringed. 858 F. Supp. 2d at 254.

Furthermore, Defendants have put the requested documents squarely at issue by arguing during their summary judgment[5] briefing that Plaintiff does not have enough evidence of Defendants' systemic infringement because "Plaintiff only proffers two declarations involving a handful of alleged infringements," while "thousands of new products are added to [Defendants'] US Websites every day." Dkt. No. 67 at 4. Defendants cannot on the one hand argue that Plaintiff has not come forth with enough evidence of Plaintiff's past infringement, and on the other hand refuse to produce on relevancy grounds the evidence it argues Plaintiff lacks.

---

[5] The Court denied plaintiff's early summary judgment motion on Plaintiff's third claim without prejudice to allow Plaintiff to gather additional evidence. After the close of discovery, Plaintiff expects that Defendants will file again for summary judgment on Plaintiff's third cause of action and make the same arguments it made before.

MOTION (1) FOR PROTECTIVE ORDER, (2) TO COMPEL DOCUMENT PRODUCTION, AND (3) TO COMPEL DEPOSITION

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**2.** **The Documents-at-Issue are Necessary to Determine What Relief Plaintiff Should be Awarded**

In general, as a deterrent to repeated infringement, copyright plaintiffs are entitled to greater relief when against repeat copyright infringers. The Documents-at-Issue are relevant and necessary to determine the amount of damages and other relief to be awarded under all of Plaintiff's claims because they establish Defendants' history of flagrant disregard for the copyright laws.

***First***, under Section 1203 of the DMCA, "[a]t any time before final judgment is entered, a complaining party may elect to recover an award of statutory damages for each violation of [S]ection 1202 in the sum of not less than $2,500 or more than $25,000." 17 U.S.C. § 1203. Discovery on Defendants' past history of infringement is necessary to determine where statutory damages should fall within that range. *See Sheldon v. Plot Commerce*, No. 15 CV 5885 (CBA) (CLP), 2016 U.S. Dist. LEXIS 116135, at *47 (E.D.N.Y. Aug. 26, 2016) ("In determining where within the range of $2,500 and $25,000 to award statutory damages, courts 'consider [several] factors, namely, the difficulty of proving actual damages, the circumstances of the violation, whether Defendants violated the DMCA intentionally or innocently, and deterrence.'").[6]

***Second***, Section 1203(c)(4) provides that "[i]n any case in which the injured party sustains the burden of proving, and the court finds, that a person has violated section 1201 or 1202 within 3 years after a final judgment was entered against the person for another such violation, the court may increase the award of damages up to triple the amount that would otherwise be awarded, as the court considers just."

---

[6]*See also Rm Media v. Tran*, No. SACV 18-01508-CJC-JDE, 2018 U.S. Dist. LEXIS 245000, at *13 (C.D. Cal. Dec. 18, 2018) ("Although Plaintiffs' requested statutory damages [for violating Section 1202 of the DMCA] are four times the mandatory minimum, the Court finds the amount reasonable in light of Defendants' continued and deliberate violation of the copyright laws."); *c.f. Umg Recordings v. Kurbanov*, Civil Action No. 1:18-cv-957 (CMH/TCB), 2021 U.S. Dist. LEXIS 250844, at *26-27 (E.D. Va. Dec. 16, 2021) (finding that the defendants' "storied history of infringement" weighed in favor of granting the plaintiff the highest possible amount in statutory damages for copyright infringement).

Discovery on Plaintiff's history of infringement is thus necessary to determine whether such treble damages should be awarded.

**Third**, discovery on Defendants' past history of infringement is necessary to determine whether non-monetary relief is appropriate. *See*, *e.g.*, *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 640 (S.D.N.Y. 2018) (ordering destruction of all counterfeits of the plaintiff's copyrighted work in part due to the defendants' long history of infringement); *Design Mart, LLC v. A Matalucci & Son Mem'l Artisans, LLC*, No. 3:21-CV-22 (CAR), 2022 U.S. Dist. LEXIS 87987, at *9 (M.D. Ga. May 16, 2022) (enjoining future copyright infringement "[d]ue to [the defendants'] history of infringement . . . .").

## C.    <u>Yuki Wang Should be Compelled for Deposition Because She is a Managing Agent</u>

Under Rule 37(a)(3)(B)(i), a party may file a motion compelling a discovery response if "a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B)(i). "Although Rule 37(a)(3)(B)(i) generally is invoked when a deponent refuses to answer a particular question during a deposition, courts in this Circuit also have granted motions to compel under Rule 37(a)(3)(B)(i) in cases where a deponent failed to attend a noticed deposition." *Rg Abrams Ins. v. Law Offices of C.R. Abrams*, No. 2:21-cv-00194-FLA-MAAx, 2021 U.S. Dist. LEXIS 210940, at *12-*13 (C.D. Cal. Aug. 19, 2021) (citing *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018)).

Managing agents of a party are subject to deposition by notice. *See* Fed. R. Civ. P. 30(b)(1). Courts typically a number of factors in determining whether an individual is a managing agent of a corporation, for example: "(1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher

MOTION (1) FOR PROTECTIVE ORDER, (2) TO COMPEL DOCUMENT
PRODUCTION, AND (3) TO COMPEL DEPOSITION

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

authority than the individual designated in the area regarding which information is sought by the examination; (4) the general responsibilities of the individual respecting the matters involved in the litigation." *Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 632-33 (D. Idaho 2012).[7] "The deponent need not have either a formal association or an employment relationship to be deemed a managing agent." *Warner Bros.*, 2003 U.S. Dist. LEXIS 29579, at *10-11. Thus courts have ordered the deposition by notice of individuals who are no longer employed by a party to a lawsuit. *Boston Diagnostics Development Corp. v. Kollsman Manufacturing Co.*, 123 F.R.D. 415, 415-16 (D. Mass. 1988) (ordering the deposition of an individual who had previously been employed by the party served with the notice but who was now employed only by a related corporation).[8]

"While the burden is on the party seeking the discovery to prove that the potential witness is a managing agent of the corporation, this burden is a modest one, and at least at the discovery stage, all doubts are to be resolved in favor of the party seeking the depositions." *United States v. Afram Lines, Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994) (collecting cases). "This is particularly true where the party seeking discovery has had less than complete discovery on the issue of the witness's status within the corporation." *Id.* (collecting cases).

---

[7]*See also id.* at 633 ("Whichever variation of the test used, virtually all courts and commentators agree that the question of whether a particular person is a 'managing agent' is to be answered pragmatically, on an ad hoc basis, considering the facts of the particular case."); *Warner Bros. Int'l Tv Distribution v. Golden Channels & Co.*, No. CV 02-09326-MMM (SHSx), 2003 U.S. Dist. LEXIS 29579, at *10-11 (C.D. Cal. Aug. 15, 2003) ("[T]he focus begins with the character of the individual's control. In addition, we can profitably examine both the degree to which the interests of the individual and the corporation converge, and how helpful the individual will be in fact-finding on the matter at issue, in comparison to others associated with the corporation. As in all matters appertaining to discovery, it is the ends of justice that are to be served.").

[8]*See also United States v. Afram Lines, Ltd.*, 159 F.R.D. 408, 414 (S.D.N.Y. 1994) ("Courts have accorded managing agent status to individuals who no longer exercised authority over the actions in question (and even to individuals who no longer held any position of authority in the corporation), so long as those individuals retained some role in the corporation or at least maintained interests consonant with rather than adverse to its interests.").

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Here, even though Defendants have reneged on their agreement to provide Plaintiff with informal discovery (*see* Mao Dec. Ex. C), the evidence Plaintiff has been able to gather already shows that Ms. Wang is undoubtedly a managing agent of Defendants. *See Calderon*, 287 F.R.D. at 632-33. Ms. Wang led a buyer team responsible for choosing to purchase hundreds if not thousands of products for Defendants every day, including the Accused Product. Aitkin Tr. at 51:6-15; 99:9-12; 103:12-18; 109:4-11; 132:16-133:4; 230:18-20. Defendants have failed to identify any other witnesses with personal knowledge of how Defendants acquired to Accused Product. Mao Dec. ¶ 31. Ms. Wang was also responsible for communicating with vendors and reviewing products for infringement issues and deciding whether not to list infringing products. *Id.* at 51:6-15; 96:25-97:6; 99:9-101:3; Dkt. No. 82-4, Ex. Q at 13. Even if Ms. Wang is not currently employed by either Defendant, their ability to control her is clearly evidenced by the fact that Mr. Aitkin, the Defendants' 30(b)(6) witness, spoke with her when preparing for his deposition. Aitkin Tr. 26:18-27:5. Thus, she was invested with the power to exercise judgment in purchasing and listing products, can be relied on to give testimony on Defendants' behalf, and was apparently solely responsible for the events that gave rise to this litigation. *See Calderon*, 287 F.R.D. at 632-33. Based on her responsibilities and her sole knowledge of facts integral to this case, Ms. Wang must be made available for deposition by notice. *See id.*

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion for a protective order and motions to compel.

Dated: March 28, 2023

HOLLAND & KNIGHT LLP
By: */s/ Stacey H. Wang*
Stacey H. Wang
Danielle N. Garno
David R. Donoghue
Ji Mao
*Attorneys for Plaintiff*
*Magdalena Mollmann p/k/a Maggie Stephenson*

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 400 South Hope Street, 8th Floor, Los Angeles, California 90071.

I caused to be served the foregoing document(s) as follows:  **MOTION (1) FOR PROTECTIVE ORDER, (2) TO COMPEL DOCUMENT PRODUCTION, AND (3) TO COMPEL DEPOSITION**.

**[ ] (BY Electronic Transfer to the CM/ECF System**) In accordance with Federal Rules of Civil Procedure 5(d) (3), Local Rule 5-4, and the U.S. District Court of the Central District's General Order governing electronic filing, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above-listed documents to the United States District Court Central District of California' Case Management and Electronic Case Filing (CM/ECF) system on this date.  It is my understanding that by transmitting these documents to the CM/ECF system, they will be served on all parties of record according to the preferences chosen by those parties within the CM/ECF system. The transmission was reported as complete and without error.

**[X] E-MAIL:** Based on an agreement of the parties to accept service by e-mail, I caused the document(s) to be sent to the person(s) at the e-mail address(es) indicated below.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 28th, 2023 at Los Angeles, California.

_____
*/s/ Stacey H. Wang*
Stacey H. Wang

MOTION (1) FOR PROTECTIVE ORDER, (2) TO COMPEL DOCUMENT PRODUCTION, AND (3) TO COMPEL DEPOSITION

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450